UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANDY DEWAYNE PITTMAN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:20-cv-01599-ACA |
| } | |
| **AMBER BAILEY PITTMAN,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This case arises out of allegations that Defendant Amber Bailey Pittman made against Plaintiff Randy Dewayne Pittman in a petition for suspension of visitation filed in Georgia state court. Mr. Pittman filed suit against Ms. Pittman, claiming that the petition contains defamatory, libelous, and slanderous statements. (Docs. 1, 6).

Before the court is Ms. Pittman's motion to dismiss for lack of personal jurisdiction and venue (doc. 11) and motion to dismiss for failure to state a claim (doc. 13).

Despite being given an opportunity to establish that the court has personal jurisdiction over Ms. Pittman (*see* doc. 12), Mr. Pittman did not respond to Ms. Pittman's motion to dismiss for lack of personal jurisdiction. Having reviewed the

record and Ms. Pittman's arguments, the court finds that Ms. Pittman has not purposefully availed herself to suit in this court, and therefore, the court does not have personal jurisdiction over Ms. Pittman. Accordingly, the court **WILL GRANT** the motion to dismiss for lack of personal jurisdiction and **WILL DISMISS** this action **WITHOUT PREJUDICE**.

Because the court will dismiss the case for lack of personal jurisdiction, the court need not consider the motion to dismiss for improper venue or the motion to dismiss for failure to state a claim. Therefore, the court **WILL DENY** those motions as **MOOT**.

**I.    BACKGROUND**

In deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the court must accept as true the factual allegations made in the complaint unless the defendant contradicts those allegations with evidence. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

Mr. and Ms. Pittman were married in 2010. (Doc. 14-1 at 1). They lived in Alabama for a time and moved from Alabama to Georgia in 2011. (*Id.*). Mr. and Ms. Pittman were divorced in April 2018 when the Fayette County Superior Court of Georgia entered a final judgment of divorce. (*Id.*). Mr. Pittman then moved back to Alabama. (Doc. 1 at ¶ 1; Doc. 6 at ¶ 5). Ms. Pittman still resides in Georgia. (Doc. 6 at ¶ 6; Doc. 14-1 at 1).

In September 2020, Ms. Pittman filed a petition in the Fayette County Superior Court of Georgia asking the court to suspend Mr. Pittman's visitation with their minor child. (Doc. 14-2). Mr. Pittman then filed this lawsuit, alleging that Ms. Pittman published disparaging comments against him in the September 2020 petition. (Docs. 1, 6). Mr. Pittman asserts state law claims for defamation, libel, and slander against Ms. Pittman. (*Id.*).

## II.  DISCUSSION

Ms. Pittman moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Doc. 11). She also moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*Id.*; *see also* doc. 13). Because the court concludes that Mr. Pittman has not established that the court has personal jurisdiction over Ms. Pittman, the court will not address any arguments about venue or the merits of the claims.

Under Federal Rule of Civil Procedure 12(b)(2), the court may dismiss a complaint for "lack of personal jurisdiction." To withstand a Rule 12(b)(2) motion, the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Where the defendant challenges personal jurisdiction and submits affidavits in support of its position, the burden

shifts back to the plaintiff to produce evidence supporting jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

"A federal court sitting in diversity may exercise personal jurisdiction [over a nonresident defendant] to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Id.* Here, the two inquiries overlap because "Alabama's long-arm statute permits service of process to the fullest extent constitutionally permissible." *Sloss Indus. Corp. v. Eurison*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)).

The Due Process Clause permits two kinds of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779–80 (2017). General jurisdiction exists where a foreign defendant's "affiliations with the State are so 'continuous and systematic' as to render [her] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 317 (1945)). Mr. Pittman's complaint alleges no facts demonstrating that Ms. Pittman has continuous and systematic affiliations with Alabama sufficient to subject her to general jurisdiction. And the undisputed evidence is that Ms. Pittman has not had any contact with Alabama since she moved from the state from 2011. (Doc. 14-1 at 1–2). Accordingly, the court may not exercise general jurisdiction over Ms. Pittman.

The court also may not exercise specific jurisdiction over Ms. Pittman. Under the concept of specific jurisdiction, a court may hear only claims that "aris[e] out of or relate[ ] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quotation marks omitted). To determine whether specific jurisdiction exists, the court considers whether: (1) "the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum;" (2) "the nonresident defendant purposefully availed h[er]self of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws;" and (3) "the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (quotation marks omitted). "The plaintiff bears the burden of establishing the first two prongs," and if he does so, then the defendant "'must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)).

With respect to the first prong, the court examines the "'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that [took] place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co.* 137 S. Ct. at 1780 (2017) (quoting

*Goodyear*, 564 U.S. at 919). In other words, the court's "'inquiry must focus on the direct causal relationship among the defendant, the forum, and the litigation.'" *Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir. 2010) (quotations omitted). Importantly, a "plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Instead, "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over h[er]." *Id.*

The second prong requires a plaintiff to demonstrate that the defendant "'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state. . . ." *Diamond Crystal Brands,* 593 F.3d at 1267. A plaintiff may establish purposeful availment if the facts show that the defendant "deliberately engaged in significant activities within [the forum state] or created continuing obligations with residents of that forum." *Id.* at 1268.

Here, Ms. Pittman has no contacts—purposeful or otherwise—with the State of Alabama. She has lived in Georgia since 2011. (Doc. 14-1 at 1). The allegedly disparaging remarks she made about Mr. Pittman are part of court pleadings she filed in a Georgia state court. (*Id.* at 1–2; Doc. 14-2). All of the conduct giving rise to Mr. Pittman's claims took place in Georgia. And the claims have no connection to Alabama other that the fact that Mr. Pittman resides here, which is

insufficient to establish personal jurisdiction over Ms. Pittman. Accordingly, Mr. Pittman has not met his burden of establishing that his claims arise out of Ms. Pittman's contacts with Alabama or that Ms. Pittman purposefully availed herself to the benefit of this state's laws by conducting any activity in Alabama.

Because Mr. Pittman has not satisfied the first and second prongs of the three-party inquiry, the court finds that it does not have specific jurisdiction over Ms. Pittman.

### III.  CONCLUSION

For the reasons explained above, the court **WILL GRANT** Ms. Pittman's motion to dismiss the complaint for lack of personal jurisdiction and **WILL DISMISS** this action **WITHOUT PREJUDICE**.

Because the court will dismiss the case for lack of personal jurisdiction, the court **WILL DENY** as **MOOT** Ms. Pittman's motion to dismiss for improper venue and motion to dismiss for failure to state a claim.

**DONE** and **ORDERED** this March 31, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE